UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER OLSEN,

      Plaintiff,

v.                                 CASE NO. 8:15-cv-2520-T-23AAS

CAVALRY PORTFOLIO SERVICES,
LLC,

      Defendant.

_____/

## ORDER

      Christopher Olsen sues (Doc. 26) Calvary Portfolio Services, LLC, for alleged

violations of the Fair Debt Collection Practices Act (the FDCPA), 15 U.S.C. § 1692.

Calvary moves (Doc. 26) under Rule 12(b)(6), Federal Rules of Civil Procedure, to

dismiss the complaint for failure to state a claim.

## BACKGROUND

      After Olsen defaulted on his consumer credit card, Calvary acquired the debt.

Attempting to collect the debt, Calvary sent Olsen two letters — one on October 24,

2014, and one on December 2, 2014.  Both collection letters offer to "settle [Olsen's]

account" for a percentage of the outstanding balance.  (Doc. 14-1 at 2, 4)  Also, both

collection letters state, "The law limits how long you can be sued on a debt.  Because

of the age of your debt, we will not sue you for it.  We will continue to report

information about your account to credit reporting agencies."  (Doc. 14-1 at 2, 4)

Olsen, who sues on behalf of himself and on behalf of a putative class, claims that Calvary sent the collection letters after the limitation to recover the debt expired and that the collection letters violate the FDCPA.  Specifically, the complaint alleges that the collection letters "improperly and illegally use[] false, deceptive, or misleading representations or means to collect Debts in violation of the FDCPA, Sections 1692e, 1692e(2)(A), 1692e(10), and 1692f" and "harass[] or abuse[] Plaintiff and Class Members in violation of the FDCPA, Section 1692d." (Doc. 14 at 2) Calvary moves (Doc. 26) to dismiss the complaint for failure to state a claim.

## DISCUSSION

An FDCPA claim requires that "'(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt[] collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Diaz v. Fla. Default Law Group, PL*, 3:09-cv-524, 2011 WL 2456049, *2 (M.D. Fla. Jan. 3, 2011) (Corrigan, J.) (quoting *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360–61 (S.D. Fla. 2000)).  For each count, Calvary disputes only the third element.

## I. Count I: Violations of 15 U.S.C. § 1692d

Section 1692d prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  Section 1692d also identifies examples of prohibited conduct, including the "use or threat of use of violence" and the "use

- 2 -

of obscene or profane language." 15 U.S.C. § 162d(1), (2).  Calvary explains

that Olsen "seems to allege nothing more than that by allegedly being false and

misleading, the [collection letters] were also harassing, abusive and oppressive."

(Doc. 26 at 13)  Olsen fails to respond Calvary's motion to dismiss Count I, and a

review of the complaint confirms that Olsen fails to allege conduct within the scope

of Section 1692d.

## II. Count II: Violations of 15 U.S.C. §§ 1692e, e(2)(A), and e(10)

Section 1692e, which prohibits debt collectors from using "any false,

deceptive, or misleading representation or means in connection with the collection of

any debt," provides a non-exhaustive list of prohibited conduct.  Section 1692e(2)(A)

prohibits false representations about "the character, amount, or legal status of any

debt."  Section 1692e(10) prohibits "[t]he use of any false representation or deceptive

means to collect or attempt to collect any debt or to obtain information concerning a

consumer."  The complaint (Doc. 14) that Calvary violated these sections (1) by

stating that Calvary "will continue to report information about [Olsen's] account to

credit reporting agencies" and (2) by offering to "settle" Olsen's debt after the

limitation expired.

According to Olsen, the statement that Calvary "will continue to report"

implies that Calvary will continue indefinitely to report the time-barred debt to credit

reporting agencies "notwithstanding the age of the debt and notwithstanding whether

the debt can be included in a consumer report under provisions of the [Fair Credit

Reporting Act] due to the age of the debt." (Doc. 14 ¶ 29) However, the FDCPA imposes on Calvary no obligation to explain to Olsen the age of the debt or when the debt will no longer appear on Olsen's credit report. Further, as Calvary explains, Olsen "never alleges that his debt is too old to be reported under the [Fair Credit Reporting Act]." (Doc. 26 at 7 (internal quotation marks omitted)) Thus, Olsen fails to allege how Calvary's statement that Calvary "will continue to report" renders the collection letters false or deceptive.

Also, Olsen argues (Doc. 38) that Calvary's offer to "settle" is deceptive. Specifically, Olsen argues that the offer to "settle" implies that Calvary could sue to compel payment of the time-barred debt and that partial payment of the debt is better than no payment. However, the FDCPA imposes on Calvary no duty to advise Olsen of potential defenses, including the expired limitation or the consequence of partial payment. *See* 15 U.S.C. § 1692g; *see also Ehrich v. Convergent Outsourcing, Inc.,* 2015 WL 6470453, at *2 (S.D. Fla. Oct. 27, 2015) (Moore, J.) ("[A] debt collector is not required to advise a consumer of any potential defenses to a legal action."). Further, the collection letters specifically state that Calvary "will not sue" and contain no false or deceptive representation about partial payment. Finally, despite Olsen's allegations (Doc. 14 ¶ 27) to the contrary, Calvary's offer to "settle" adopts language recently approved by the Consumer Financial Protection Bureau. Thus, Count II fails to state a claim.

### III. Count III: Violations of 15 U.S.C. §§ 1692f and f(1)

Under Section 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  Section 1692f(1) prohibits the collection of any amount unless authorized by the law or by an agreement.  To support the claim that Calvary violated these sections, Olsen alleges the facts underlying only Count II.  Thus, Count III fails to state a separate claim under Section 1692f.  *See Miljkovic v. Shafritz & Dinkin, P.A.*, 2014 WL 3587550, at *9 (M.D. Fla. July 18, 2014) (Covington, J.) (stating that the "§ 1692f claim still depends on the misconduct charged under §§ 1692e and 1692e(10) and is therefore insufficient to state a separate claim"); *Winberry v. United Collection Bureau, Inc.*, 697 F.Supp.2d 1279, 1292 (M.D. Ala. 2010) (Albritton, J.) (stating that there is "a growing consensus, at least among district courts, that a claim under § 1692f must be based on conduct either within the listed provisions, or be based on conduct which falls outside of those provisions, but which does not violate another provision of the FDCPA").

Finally, because "it is not unlawful to seek the voluntary repayment of a time-barred debt" (Doc. 26 at 11), the allegations fail to establish a claim under Section 1692f(1).  *See Ehrich*, 2015 WL 6470453, at *2 ("Indeed, 'the majority of courts have held that when the expiration of the statute of limitations does not invalidate a debt, but merely renders it unenforceable, the FDCPA permits a debt collector to seek voluntary repayment of the time-barred debt so long as the debt

collector does not initiate or threaten legal action in connection with its debt collection efforts.'" (quoting *Huertas v. Galaxy Asset Mgt.*, 641 F.3d 28, 23–33 (3d Cir. 2011)).

**CONCLUSION**

Calvary's motion (Doc. 26) to dismiss is **GRANTED**.  No later than **AUGUST 26**, **2016**, Olsen may amend the complaint to correct the deficiencies identified in this order.  If Olsen fails to timely amend the complaint, an order will dismiss this action with prejudice and without further notice.

ORDERED in Tampa, Florida, on August 11, 2016.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE